**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**PETER KEVIN LANGAN,**

      **Petitioner,**

                          **CRIM. NO. 2:96-CR-15
                          CIV. NO. 2:10-CV-502**
**v.**                         **JUDGE HOLSCHUH
                          MAGISTRATE JUDGE KING**

**UNITED STATES OF AMERICA,**

      **Respondent.**

<u>**OPINION AND ORDER**</u>

Petitioner, a federal prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2255.  This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings.

Petitioner asserts that he was improperly or unconstitutionally sentenced based on a prior conviction; he seeks a new sentencing hearing and the appointment of counsel to assist him in those proceedings.  However, this is petitioner's second §2255 petition. *See* Doc. No. 569.  Therefore, this case is hereby **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.    Petitioner's request for the appointment of counsel is **DENIED**.

Federal law requires that, before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.  28

U.S.C. §2244(b)(3)(A).  Under the Antiterrorism and Effective Death Penalty Act, a district court lacks jurisdiction to entertain a successive post-conviction motion or petition for a writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition.  *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir. 1997).  Unless the court of appeals has approved the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(*per curiam*).  Under §2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus.  *Nunez v. United States*, 96 F.3d 990 (7th Cir.  1996).

That being the case, this Court lacks jurisdiction to entertain a second or successive §2254 petition unless authorized by the Court of Appeals for the Sixth Circuit.  The Sixth Circuit, in turn, will issue this certification only if petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence and those facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty.  28 U.S.C. §2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without §2244(b)(3)(A) authorization in *In re*

*Sims, supra.*

> [W]hen a prisoner has sought §2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or §2255 motion is filed in the district court without §2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. §1631.

*Id.* at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996)(*per curiam*).

Therefore, petitioner's request for the appointment of counsel is **DENIED**. This case hereby is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

**IT IS SO ORDERED**.

Date: June 23, 2010                                     /s/ **John D. Holschuh**
                                                        JOHN D. HOLSCHUH
                                                        United States District Judge

3